# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Theodore Thompson, | ) | No. 08 B 2560 |
| | ) | |
| Debtor. | ) | Judge Goldgar |
| | ) | |

## NOTICE OF MOTION

**TO:**   Brian R. Zeft
Robert J. Semrad & Associates
407 S. Dearborn St. #600
Chicago, IL 60605

**PLEASE TAKE NOTICE** that on Tuesday, September 8, 2009 at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Benjamin Goldgar, or any judge sitting in his stead, in courtroom 613, at the United States Courthouse located at 219 south Dearborn Street, Chicago, Illinois 60604, and shall then and there present the **GMAC INC.'S MOTION TO STRIKE CLAIM FOR RELIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO AMEND PRE-TRIAL ORDER,** a copy of which is attached hereto and herewith served upon you.

                                        GMAC INC.

                              By:       /s/ Collin B. Williams
                                        One of Its Attorneys

Thomas E. Dutton
Matthew T. Gensburg
Collin B. Williams
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601
Phone:  (312) 456-8400
Fax:  (312) 456-8435

Attorneys for GMAC, Inc.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Theodore Thompson, | ) | No. 08 B 2560 |
| | ) | |
| Debtor. | ) | Judge Goldgar |
| | ) | |

**MOTION TO STRIKE CLAIM FOR RELIEF OR, IN THE ALTERNATIVE,**
**FOR LEAVE TO AMEND PRETRIAL ORDER**

GMAC, Inc. f/k/a General Motors Acceptance Corporation, LLC ("GMAC"), a creditor herein, by and through the undersigned counsel, hereby files this Motion to Strike Theodore Thompson's (the "Debtor") claim for relief against GMAC as procedurally improper or, in the alternative, moves this Court for leave to amend the Final Pre-Trial Order entered with respect to this proceeding. In support of the Motion, GMAC states as follows:

**PROCEDURAL BACKGROUND**

1. On April 5, 2003, Debtor entered into a retail installment contract with GMAC for the purchase of a 2003 Chevrolet Impala (the "Vehicle").

2. On January 24, 2008, GMAC repossessed the Vehicle due to a payment default by the Debtor.

3. On February 5, 2008, Debtor filed for Chapter 13 protection under the United States Bankruptcy Code. (Docket No. 1).

4. On February 6, 2008, Debtor requested that GMAC return the Vehicle. GMAC refused to return the vehicle absent receiving adequate protection of its interests.

5. On February 19, 2008, GMAC filed its Motion for Relief from the Automatic Stay. (Docket No. 17).

2

6. On March 20, 2008, the Debtor filed his Motion of Debtor for Sanctions Pursuant to 11 U.S.C. § 362(k) (the "Sanctions Motion") (Docket Nos. 20 and 21). Included in the Motion for Sanctions were the following claims for relief: (1) damages for loss of the use of the Vehicle; (2) payment of Debtor's attorneys' fees; and (3) punitive damages in the amount of $100,000.

7. On March 25, 2008, this Court denied the Motion for Sanctions based the decisions in *In re Nash*, 228 B.R. 669 (Bankr. N.D.Ill. 1999) and *In re Spears*, 223 B.R. 159 (Bankr. N.D.Ill. 1998). (Docket No. 29).

8. The Debtor subsequently appealed the denial of the Motion for Sanctions. (Docket No. 30). On May 27, 2009, on direct appeal, the Seventh Circuit Court of Appeals reversed the Bankruptcy Court's decision and remanded the matter for a hearing on whether or not GMAC's violation of the automatic stay was "willful". This is the Seventh Circuit's first decision giving specific precedential direction on this area of the law.

9. On July 14, 2009, this Court entered the Final Pretrial Order in this matter, setting it for trial on October 22, 2009. (Docket No. 70). Current counsel was not representing GMAC at the time the Final Pre-Trial Order was entered.

## ARGUMENT

### I. THE DEBTOR'S CLAIM FOR PUNITIVE RELIEF SHOULD BE LITIGATED IN AN ADVERSARY PROCEEDING AND NOT A CONTESTED MATTER.

10. While the parties have debated the issue numerous times throughout the history of this proceeding, the Debtor's claim for punitive damages is procedurally improper as it was not filed as an adversary proceeding, but has proceeded as a contested matter. While GMAC agrees that the sanctions issue was properly adjudicated as a contested matter, the request for $100,000 of punitive damages dictates an adversarial proceeding.

3

11. Under Federal Rule of Bankruptcy Procedure 7001(1), any matter in which there is a claim for relief to recover money or property should be brought as an adversary proceeding.

12. In its order denying the Motion for Sanctions, this Court recognized that the correct procedural mechanism for bringing this action was through an adversary proceeding. (See Trans. of Motion for Sanctions Hearing, p. 11, attached hereto as **Exhibit A**).

13. In its decision, the Seventh Circuit also recognized the procedural deficiency, but declined to address it. (See Seventh Cir. Op., p. 4, FN 1, attached hereto as **Exhibit B**).

14. Under the law, when a claim for punitive damages is made, it should be brought in an adversary proceeding and not as a contested matter. *In re Dean*, 359 B.R. 218, 222 (Bankr. C.D.Ill. 2006) ("Several courts have held that if a party seeks recovery of damages and/or punitive damages, this falls within Rule 7001(1) and the matter should be brought as an adversary proceeding."); *In re Wyatt,* 173 B.R. 698, 704 (Bankr. D.Idaho 1994) (action to collect punitive damages for violation of automatic stay should be brought by way of an adversary proceeding); *see also In re Irby,* 321 B.R. 468, 470-71 (Bankr. N.D.Ohio 2005) (dismissing contested matter proceeding without prejudice because debtor's request for injunctive relief and punitive damages falls squarely within the realm of those actions that require commencement of an adversary proceeding and creditor timely objected to proceeding on motion).

15. The difference between adversary proceedings and contested matters is real and substantive. For example, the Federal Rules of Bankruptcy Procedure that govern adversary proceedings contain very real protections, including the ability to answer the complaint, assert affirmative defenses, engage in structured motion practice and discovery, and access to Federal Rules of Civil Procedure 7 and 12. These protections should be afforded to any party that is at risk to lose money and/or property, particularly when it is a substantial sum. Congress

4

recognized this when it enacted Rule 7001(1). GMAC is entitled to those protections in this matter dictating that the Debtor's claim for punitive relief be stricken and re-filed as an adversary proceeding.

### II. IN THE ALTERNATIVE, GMAC REQUESTS LEAVE TO AMEND THE PRETRIAL ORDER.

16. Current counsel for GMAC was not a party to this action when the parties agreed to, and the Court entered, the Final Pre-Trial Order for the proceeding. (Docket No. 70). Included in Section 3 of the Final Pre-Trial Order is an agreement that no dispositive motions will be filed in this matter. While GMAC's predecessor counsel may have felt that no dispositive motion was necessary, current counsel respectfully disagrees. In fact, GMAC's current counsel feels that briefing the issue of the propriety of punitive damages will streamline any remaining issues and bring this dispute to a resolution.

17. As the Court well knows, local rules require that motions for summary judgment include statements of undisputed material facts. In this case, such a statement will clearly set forth the timeline of events in this case. GMAC will then be able to demonstrate that, under applicable law, punitive damages are not warranted. For example, the Court might find it helpful to have briefs on the significance of a circuit court's reversal of long-standing case law in the context of a punitive damages request. Should the Court agree that punitive damages are not warranted in this matter, there may be no further issues to resolve between the parties.

18. Accordingly, if the Court decides that this matter may proceed as a contested matter, as opposed to an adversary proceeding, then GMAC respectfully requests leave to amend Section 3 of the Final Pre-Trial Order so that it may file a dispositive motion.

WHEREFORE, GMAC, Inc. respectfully requests that the Court enter and order: (1) striking Theodore Thompson's claim for relief and directing him to convert this matter to an

5

adversary proceeding; or (2) in the alternative, granting leave to amend the Final Pre-Trial Order to allow the filing of dispositive motions; and (3) granting such other relief as the Court deems just and appropriate.

                                      GMAC INC.

                            By:      /s/ Collin B. Williams
                                        One of Its Attorneys

Thomas E. Dutton
Matthew T. Gensburg
Collin B. Williams
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601
Phone: (312) 456-8400
Fax: (312) 456-8435
Attorneys for GMAC, Inc.

## CERTIFICATE OF SERVICE

I, Collin B. Williams, an attorney, hereby certify that on September 3, 2009, **GMAC INC.'S MOTION TO STRIKE CLAIM FOR RELIEF OR, IN THE ALTERNATIVE, FOR LEAVE TO AMEND PRE-TRIAL ORDER** was served by hand delivery and via the CM/ECF system on the following parties before 12:00 p.m.:

Brian R. Zeft
Robert J. Semrad & Associates
407 S. Dearborn St. #600
Chicago, IL 60605

/s/ Collin B. Williams
Collin B. Williams

*CHI 58,584,748v1 9-2-09*